UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DAVID CAVIER,<br><br>　　　　　Defendant. | No. 2:18-cv-01516 MCE AC (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

1

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### A. The Complaint

Plaintiff sues defendant David Cavier under "U.S. Code" at § 1113 and § 2111. ECF No. 1 at 1. The complaint is largely incoherent. First, plaintiff alleges the U.S. government has committed a crime under the U.S. Code. Next, plaintiff alleges that she sent mail to Mr. Cavier, and Mr. Cavier did not respond by phone or mail. From what the court can comprehend, plaintiff alleges Mr. Cavier is the director of a California state agency, and is the superior of a California state employee who saw her sleeping on a table and refused to pay for a motel or hotel for her. ECF No. 1 at 2. This unnamed employee also refused to talk to Mr. Cavier on her behalf. Id. Plaintiff references a Russian conspiracy that mailed a rent check back to her by priority mail. Id. Plaintiff also states that private attorneys evicted a blind person, presumably herself, from a two-bedroom apartment where she was living since 2011. Id. Plaintiff states that a property manager, "Ms. Trush," must be arrested because she has evidence of covering up criminals and illegal immigrants with unreported cash income. Id. at 1-2.

### B. Analysis

Plaintiff presents no cognizable claims, and no facially plausible factual allegations that would support an identifiable, cognizable claim. Accordingly, the undersigned recommends her complaint be dismissed for failure to state a claim upon which relief can be granted.

First, plaintiff's complaint does not identify any legal claim against the defendant. ECF No. 1. Indeed, the only reference to the defendant's in the complaint is his failure to respond to a letter. Id. at 1. This allegation does not support any discernible cause of action. Accordingly, the complaint entirely lacks a legal or factual basis for relief. A plaintiff must allege with at least some degree of particularity overt acts which the defendant engaged in that support the plaintiff's claims; the complaint must have an arguable basis in law and fact. Neitzke, 490 U.S. at 325. Plaintiff's complaint contains no arguable basis in law or fact. Id.

1 | Second, insofar as plaintiff makes claims of criminal conduct, the complaint fails. A citizen does not have authority to bring criminal charges. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Plaintiff cannot bring federal criminal claims against defendant or the U.S. government.

Third, plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8(a) because it does not provide "a short and plain statement showing that plaintiff is entitled to relief." Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).

Standing alone, non-compliance with Rule 8 would usually result in a recommendation that plaintiff be permitted to amend the complaint. See Noll, 809 F.2d at 1448. Here, however, the futility of amendment is readily apparent. The pleading of additional facts cannot possibly result in cognizable claims based on the criminal code. The pleading of additional facts cannot, under any theory the undersigned is aware of, support a claim against the head of a State social services agency for failing to respond to communications. Plaintiff's other miscellaneous allegations fail to suggest the existence of any facially plausible claims. In light of the contents of plaintiff's complaint, the undersigned thus concludes that amendment is futile.

### III. CONCLUSION

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted. It is further recommended that leave to amend not be granted because amendment would be futile.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. <u>Id.</u>; <u>see also</u> Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 22, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE